IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAROLD JERRY GARMANY,**

    **Petitioner,**

    v.                                 **CASE NO. 2:04-cv-948**
                                           **CRIM. NO. 84-cr-090-WPC-PHX**
                                           **JUDGE MARBLEY**

**WARDEN, ROSS CORRECTIONAL**
**INSTITUTION and**

**HARLEY C. LAPPEN, DIRECTOR,**
**BUREAU OF PRISONS,**                 **Magistrate Judge ABEL**

    **Respondents.**

## REPORT AND RECOMMENDATION

    Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. According to the petition, on April 17, 1984, petitioner was indicted by a federal grand jury in Phoenix, Arizona, in a 77 count indictment involving 39 defendants on various charges involving the conspiracy to obtain and sell marijuana, cocaine, and methaqualone. Petitioner was named in 54 of the 77 counts. On May 25, 1985, after a jury trial, petitioner was convicted on engaging in a continuing criminal enterprise, conspiracy to possess with intent to distribute and conspiracy to import drugs, conspiracy to harbor a federal fugitive, conspiracy to use extortionate means to collect extensions of credit, and possession of an unregistered silencer, in violation of 21 U.S.C. §848, §846, §963, 18 U.S.C. §371, §894, and 26 U.S.C. §5861(d). Petitioner was sentenced to life and 55 years. On December 22, 1986, the Ninth District Court of Appeals affirmed petitioner's convictions and sentence.

    On September 29, 1995, petitioner filed his first motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. §2255.[1] *See Appendix C* to Petition.  On December 29, 1997, the United States District Court for the District of Arizona dismissed petitioner's §2255 petition and various other supplemental pleadings that had been filed by petitioner. *See Appendix E* to Petition; *Exhibit*s to Return of Writ.  On September 24, 1998, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's dismissal of petitioner's §2255 action. *See Appendix F* to Petition.  On April 5, 1999, the United States Supreme Court denied petitioner's petition for a writ of *certiorari*. *Exhibit*s to Return of Writ.

On September 8, 2000, petitioner filed a second §2255 action pursuant to authorization for the successive petition from the United States Court of Appeals for the Ninth Circuit. *See Exhibits* to Return of Writ.  In his second habeas corpus petition, petitioner argued that the United States Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999), decided after petitioner's conviction and dismissal of his first §2255 action, was applicable to his case. *See id*. On February 4, 2003, the District Court denied petitioner's successive §2255 petition. *Exhibits* to Return of Writ, at 14.   On June 24, 2004, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's dismissal of petitioner's successive §2255 action.  *See Garmany v. United States*, Case No. 03-15298, 101 Fed.Appx. 751, unpublished, 2004 WL 1435132 (9th Cir. June 24, 2004); Exhibit K to Petition:

> Harold Jerry Garmany appeals the district court's order dismissing his second motion brought pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
>
> Garmany contends that the Supreme Court established a new rule of

---

[1] Petitioner asserted in his first 2255 action that his conviction and civil forfeitures violated the Double Jeopardy Clause, and the Excessive Fines Clause, and that he had been denied the effective assistance of counsel. *See Appendix C* to Petition.

> constitutional law applying retroactively to cases on collateral review in *Richardson v. United States*, 526 U.S. 813, 815, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) (holding that to convict a defendant under the 'continuing criminal enterprise' statute, 21 U.S.C. § 848(a), "a jury has to agree unanimously about which specific violations make up the 'continuing series of violations' "). Garmany's contention is squarely foreclosed by our decision in *United States v. Reyes*, 358 F.3d 1095, 1096 (9th Cir.2004) (*per curiam*) (concluding that "Richardson did not decide a 'new rule of constitutional law' as required "as a prerequisite to a second habeas petition"). Thus, the district court was required to dismiss the petition under 28 U.S.C. § 2255. *See id.*

*Id.*

While petitioner's successive §2255 petition was pending in the District of Arizona, on May 31, 2000, petitioner filed in the Southern District of Ohio, Western Division a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, in which petitioner again asserted that *Richardson v. United States, supra*, 526 U.S. at 813, was applicable to his case.[2] *See Garmany v. Carter*, Case No. 1:00cv431 (S.D. Ohio, Western Division); Exhibit H to Petition. On April 24, 2001, petitioner's §2241 petition was

> dismissed without prejudice should the "savings clause" of 28 U.S.C. §2255 become applicable

*see Order*, Exhibit I to Petition, and the one year statute of limitations was tolled effective May 31, 2000 with respect to a future habeas corpus petition brought under 28 U.S.C. §2241 asserting the

---

[2] Petitioner apparently was transferred from the Southern Ohio Correctional Facility at Lucasville to the Ross Correctional Institute on November 6, 2000. *See Return of Writ*, at 3. Petitioner filed his §2241 petition in the Southern District of Ohio, Western Division,

> as a "placeholder" in the event the Arizona district court and ultimately the Ninth Circuit decide the §2255 motion fails to satisfy the requirements set forth in 28 U.S.C. §§2244(b) and 2255 for filing a second or successive 2255 motion.

*Report and Recommendation and Order*, Exhibit H to Petition.

3

same claim. *Id.; see also* Exhibit J to Petition.

On August 23, 2004, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 in the Southern District of Ohio, Western Division. On October 1, 2004, the case was transferred to the Southern District of Ohio, Eastern Division. Doc. No. 9. Petitioner asserts that he is actually innocent of his conviction under 21 U.S.C. §848, in view of *Richardson v. United States, supra*. It is the position of the respondent that this action is properly characterized under §2255 action, and therefore should have been filed in the United States District Court for the District of Arizona, where petitioner was sentence. In the alternative, respondent contends that the case must be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

28 U.S.C. §2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The record before this Court indicates that the exact issue raised herein has already been presented to and rejected by the United States District Court for the District of Arizona, in a successive 2255 action, the dismissal of which was affirmed by the Ninth District Court of Appeals. *See* Exhibit K to Return of Writ. Further, the United States Court of Appeals for the Sixth Circuit has held that petitioner may not obtain relief for a claim under *Richardson* pursuant to 28 U.S.C. §2241. *See Paulino v. United States,* 352 F.3d 1056, 1060-61 (6th Cir. 2003).

> 28 U.S.C. § 2255 contains a savings clause which allows an incarcerated individual to apply for a writ of habeas corpus under §

2241 if his remedy under § 2255 appears "inadequate or ineffective to test the legality of the detention." In theory, the fact that *Richardson* did not announce a new rule of constitutional law, such that Appellant is not entitled to relief under a successive § 2255 motion, might have entitled Appellant to relief under § 2241. However, the circuit courts, including our own, have interpreted § 2241 as permitting relief thereunder, in lieu of relief under § 2255, only in those instances where the individual can make a showing of actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003). Appellant has made no such showing in this case. Actual innocence means factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)....

Appellant's reliance on *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), is misplaced. In *Bailey*, the Supreme Court held that the term "uses," as used in 18 U.S.C. § 924(c)(1), which enhances the sentence of any defendant who "uses" a weapon in the commission of a federal crime of violence or drug trafficking, connotes "active employment." 516 U.S. at 144, 116 S.Ct. 501. In other words, the Court held that the Government, in prosecuting a defendant under § 924(c)(1), must prove more than that the defendant merely possessed a weapon. *Id.* Because *Bailey* abrogated the overly broad definition of "uses" as it had then been interpreted by several of the circuit courts, *see* 516 U.S. at 142, 116 S.Ct. 501, this Court and other circuit courts subsequently recognized that defendants who had previously been sentenced pursuant to 18 U.S.C. § 924(c)(1), on the basis of the erroneous definition, could attack their sentences collaterally in light of *Bailey, see In re Hanserd*, 123 F.3d 922, 928 (6th Cir.1997), and that they could even resort to 28 U.S.C. § 2241 to do so if relief under §2255 was "inadequate or ineffective." *See id.* at 929-30.

The shortcoming to Appellant's reliance on *Bailey* is that the new rule announced in *Richardson* does not have the same effect as that announced in *Bailey.* In the latter, the rule announced had the effect of rendering many previously sentenced defendants "actually innocent" of the sentencing factor on which their sentences had been based, to wit: it demonstrated that they had not "used" a weapon in the manner contemplated by Congress. The effect of *Richardson* is entirely different. *Richardson* does not render defendants who were convicted of conducting a CCE "not guilty," or "actually innocent," merely because the trial court gave instructions that did not comply with the rule announced therein (as was the case, it appears, at Appellant's trial); at most, it requires a new trial.... [H]e is not entitled

5

>to relief under § 2241 because he has not made a showing that he was actually innocent, a requirement that was not discharged by *Bailey* or its progeny.

*Id.*

Accordingly, the Magistrate Judge concludes that this action is properly construed under 28 U.S.C. §2255, and therefore should be filed in the district court that sentenced petitioner on the charges at issue. The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                              <u>s/Mark R. Abel</u>
                                              United States Magistrate Judge